**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **REGINALD BEAVERS,** *et al.,* | : | |
| **Plaintiffs,** | : | |
| | : | **CIVIL ACTION FILE NO.** |
| **v.** | : | **1:13-CV-3487-AJB** |
| | : | |
| **CITY OF ATLANTA, GEORGIA,** | : | |
| *et al.,* | : | |
| **Defendants.** | : | |

# O R D E R   A N D   O P I N I O N[1]

This matter is before the Court on a joint Motion to Dismiss Plaintiffs' Amended Complaint filed by Defendants City of Atlanta, Georgia (hereinafter "the City"); Mayor Kasim Reed, individually and in his official capacity as Mayor of the City of Atlanta; Yvonne Yancy, individually and in her official capacity as Commissioner of Human Resources; and Patrick L. Labat, individually and in his official capacity as Chief of the City of Atlanta Department of Corrections' (collectively "Defendants"), [Doc. 17]. For the reasons set forth below, the motion is **GRANTED**. Specifically, Plaintiffs' Equal Protection (Count Three) and Due Process (Count Four) claims are **DISMISSED WITH PREJUDICE** and, with the Court declining to exercise pendent or

---

[1]     The parties have consented to the exercise of jurisdiction by the undersigned pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. [*See* Doc. 13].

supplemental jurisdiction over Plaintiffs' state law claims (Counts One, Two, Five, Six and Seven), those claims are **REMANDED TO THE SUPERIOR COURT OF FULTON COUNTY**.

## I.    *Background*

Plaintiffs originally filed their complaint in the Superior Court of Fulton County, Georgia on July 2, 2013.  The Superior Court assigned it Case No. 2013-CV-205191.  [*See* Doc. 1 at 1].  The City removed the action to this Court on October 22, 2013.  [*Id.*].  Plaintiffs moved to amend the complaint on March 3, 2014, [Doc. 9], which motion was granted on March 31, 2014.  [Doc. 15].  The amended complaint, *inter alia*, added the individual defendants as parties.  [*See* Doc. 16].  Defendants filed their motion to dismiss on April 15, 2014.  [Doc. 17].  Plaintiffs responded on April 15, 2015.  [Doc. 20].

In considering a motion to dismiss, the Court accepts the non-conclusory factual allegations in the complaint as true and construes them in the light most favorable to Plaintiffs.  *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010).  The amended complaint provides that Plaintiffs are current and former employees of the City's Department of Corrections.  [Doc. 16 at ¶¶ 1, 16].  According to the City of Atlanta Code, "all officers

and employees, except uniformed members of the department of fire, who are entitled to earn annual leave shall also be entitled to earn sick leave with full pay to be computed on the basis of one-fourth day for each five days of full-time paid service." [*Id*. at ¶ 22 (citing Atlanta, Georgia, Municipal Code (hereinafter "Code") § 114-416)]. For the basis of calculating sick leave, a work day normally consists of eight hours of work. [*Id*. at ¶ 24 (citing Code § 114-411)].

Prior to December 2008, Plaintiffs worked eight-hour shifts. [*Id*. at ¶ 27]. Plaintiffs allege that in December 2008, Defendants changed the hours for Department of Corrections officers to twelve-hour work days. [*Id*. at ¶ 28]. As a result, starting December 12, 2008 through July 4, 2012, Plaintiffs worked twelve-hour shifts and forty-eight hours per week. [*Id*. at ¶¶ 1, 17, 30]. Plaintiffs allege that upon changing to a twelve-hour work day, Plaintiffs' sick leave and annual leave were improperly calculated and they were deprived of their sick leave and annual leave without due process. [*Id*. at ¶ 37].

On an eight-hour work day and forty hours in a work week, each employee was entitled to one-fourth of an eight hour work day for sick leave equating to two hours of sick leave. [*Id*. at ¶ 29]. At twelve hour work days and forty-eight hour work weeks, Plaintiffs allege that they were entitled to one-fourth of a twelve hour work day for sick

3

leave equating to three hours of sick leave. [*Id.* at ¶ 31]. However, Plaintiffs allege, Defendants calculated Plaintiffs' leave on the basis of a forty-hour work week, or eight-hour work day, and Defendants only gave Plaintiffs two hours of sick leave for every forty-eight-hour work week. [*Id.* at ¶ 32]. Plaintiffs allege they were thus deprived of four hours of sick leave every month and forty-eight hours of sick leave every year. [*Id.* at ¶ 33]. Additionally, when Plaintiffs sought to use one day of sick leave, they were docked for twelve hours of leave, thus, Plaintiffs allege, Defendants took an additional four hours of leave without cause. [*Id.* at ¶ 36].

Plaintiffs allege that upon changing to a twelve-hour work day, Plaintiffs' sick leave was calculated and removed at a rate inconsistent with the employee handbook and in a different manner than other similarly situated city employees and other sworn city officers. [*Id.* at 38]. Plaintiffs further allege that miscalculation of their leave led to a miscalculation of retired Plaintiffs' pension benefits and/or cash benefits for their leave. [*Id.* at 39].

The amended complaint is in seven counts. Count One alleges that Plaintiffs are entitled to specific performance by the City of the sick leave ordinance, that is, credit for 1/4 day of sick leave for each 40 hours of service. [Doc. 16 at 13]. Count Two

4

seeks attorneys fees and expenses of litigation under O.C.G.A. § 13-6-11 and 42 U.S.C. §§ 1988, 12205.  [Doc. 16 at 14].

Count Three claims a violation of Plaintiffs' rights to equal protection, and although the claim is couched in terms of the City's decision, damages in the form of lost salary and benefits are sought from all Defendants.  [Doc. 16 at 14-15]. Count Four alleges that Defendants violated Plaintiffs' procedural and substantive due process rights by depriving them of vested sick leave without fair warning and redress.  [Doc. 16 at 15-17].

Count Five seeks damages for breach of contract against all Defendants.  [*Id.* at 17-18].  Count Six seeks damages for breach of the covenant of good faith and fair dealing against all Defendants.  [*Id.* at 18-19].  In Count Seven, Plaintiffs appear to seek enforcement of promises allegedly made by Defendants regarding the earlier leave policy.  [*Id.* at 19-20].

## II.    *Legal Standard*

A court will grant a Rule 12(b)(6) motion to dismiss if the complaint "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Under Rule 8, a pleading states a claim when it contains, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a)(2).  In applying the Rule 12(b)(6) standard, the Court must construe the amended complaint in the light most favorable to Plaintiffs, accepting all well-pleaded factual allegations as true.  *Baker County Medical Services, Inc. v. U.S. Atty. Gen.*, 763 F.3d 1274, 1276 (11th Cir. 2014) (citing *Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257, 1265 (11th Cir. 2013)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Dismissal for failure to state a claim is appropriate if the facts as pleaded fail to state a claim for relief that is "plausible on its face."  *Iqbal*, 556 U.S. at 678 (citation omitted).  A plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (alterations and citation omitted).  Despite the fact that a complaint need not contain detailed factual allegations, it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law.  *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

6

### III.   Discussion

Defendants move to dismiss Plaintiffs' amended complaint on six grounds: (1) Plaintiffs' amended complaint does not satisfy the heightened pleading standards required for action brought under 42 U.S.C. § 1983; (2) Plaintiffs' amended complaint fails to state any claim for relief pursuant to 42 U.S.C. § 1983 against the City; (3) Plaintiffs' amended complaint fails to state any claim for relief against Defendants Reed, Yancy, and Labat in their individual capacities; (4) Defendants Reed, Yancy, and Labat are entitled to qualified immunity; (5) Plaintiffs' claims against Defendants Reed, Yancy, and Labat sued in their official capacity should be dismissed as being duplicative of claims against the City; and (6) Plaintiff's claims for breach of covenant should be dismissed as being duplicative of their breach of contract claims.

### A.   Heightened Pleading

Defendants first argue that there is a heightened pleading standard for civil rights actions which requires plaintiffs to craft complaints with specificity and does not allow allegations that are vague and conclusory.  [Doc. 17 at 4-5].  While Defendants cite to cases that pre-date *Iqbal* and *Twombly* to assert a pleading standard that is specifically tailored to civil rights actions, the standard set forth in *Iqbal/Twombly* applies to *all* federal civil complaints, thus encompassing civil rights actions.  *Iqbal*, 556 U.S. at 684

7

(holding that the Supreme Court's interpretation of Rule 8 governs the pleading standard "in all civil actions and proceedings in the United States district courts."). Accordingly, the standard that the undersigned cites above is the standard that will be used to govern the motion to dismiss.  In any event, the Eleventh Circuit has held that in light of *Iqbal*, there is no heightened pleading requirements for actions brought pursuant to § 1983.  *Saunders v. Duke*, 766 F.3d 1262, 1266 (11th Cir. 2014); *Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010).  As a result, Defendants' motion to dismiss is **DENIED** to the extent that it rests on the argument that Plaintiffs did not satisfy a heightened pleading standard.

### B.    Section 1983 Claims Against the City

#### 1.    Arguments of the parties

Defendants argue that Plaintiffs have not articulated which facts support their § 1983 equal protection claim, nor do Plaintiffs articulate specific facts to support a governmental policy, practice or custom that was the basis of any alleged equal protection violation.  [Doc. 17 at 6].  Defendants further argue that a municipality may not be sued under § 1983 solely on the basis of wrongful acts of its employees or agents and in order to impute liability, in that there must be a municipal custom or policy which condones the employee conduct, [*id.* (citing *Monell v. Dept. of Soc. Servs*,

8

436 U.S. 658, 694-95 (1978); *Howard v. City of Robertsdale*, 168 Fed. Appx. 883, 890 (11th Cir. Feb. 9, 2006)], and that Plaintiffs must demonstrate that the deliberate conduct was the "moving force" behind the alleged injury.  [*Id*. (citing *Bd. of Cnty Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 404 (1997)].  Defendants also contend that Plaintiffs' amended complaint does not contain any allegations that the City maintained an official policy of deliberately handling employee leave time in a manner that violated their rights to equal protection, nor does the amended complaint reference any custom or policy.  [*Id*. at 8].  Instead, Defendants argue, the amended complaint merely alleges that the City failed to calculate leave for Plaintiffs according to the City's leave policies.  [*Id*.].

Defendants also accuse Plaintiffs of filing a shotgun pleading in which Plaintiffs incorporated by reference all previous facts alleged to support legal conclusions of violations of the Equal Protection Clause.  [*Id*.].  Defendants argue that Plaintiffs concede in their amended complaint that the City had pay and classification plans that apply equally to all employees; therefore, Defendants contend that this concession undermines Plaintiffs' claim that the City has a custom or policy that violates Plaintiffs' right to equal protection.  [*Id*.].

9

Defendants further contend that Plaintiffs have not alleged that the actions complained of were performed by final policymakers who were capable of establishing a municipal policy, nor identified a final policymaker that established an alleged policy or custom.  [*Id*. at 9].

Finally, Defendants argue that Plaintiffs have not alleged that the miscalculation of their leave was a result of a policy or custom of the City and because the City has policies prohibiting unequal treatment in employment practices and decisions, any alleged discriminatory action by individual employees or Defendants cannot be imputed to the City for purposes of § 1983 liability.  [*Id*. at 10].

In response, Plaintiffs argue that the amended complaint alleges that two constitutional rights were violated: (1) equal protection and (2) substantive and procedural due process. [Doc. 20 at 5].  Plaintiffs contend that to set forth a claim for violation of equal protection, a plaintiff may simply show that the unequal application was intentional or purposeful. [*Id*. at 6 (citing *Snowden v. Hughes*, 321 U.S. 1 (1944))]. Plaintiffs then argue that there was a law in effect to calculate sick and annual leave and that Defendants unequally applied the law by changing Plaintiffs' work hours and calculating and charging Plaintiffs annual leave at a rate inconsistent with the employee handbook and differently than other similarly situated city employees and sworn

10

officers, and that such unequal application was purposeful and intentional. [*Id*. at 6 (citing Doc. 16 ¶¶ 26, 28, 36, 38)]. Plaintiffs submit that they have stated a claim for violation of substantive and procedural due process because the amended complaint alleges that Plaintiffs had a vested and protected property interest in their annual and sick leave and that Defendants took four additional hours of sick or annual leave without process. [*Id*. at 7]. Plaintiffs then argue that in order to establish deliberate indifference, a plaintiff needs to establish that a defendant had some knowledge of the problem and there was a deliberate choice not to take action and that knowledge may be imputed where the likelihood of a violation is so high that the need for correction is obvious. [*Id*. (citing *Lewis v. City of W. Palm Beach, Fla.*, 561 F.3d 1288, 1293 (11th Cir. 2009)]. Plaintiffs allege that the amended complaint sets forth sufficient facts to show that Defendants acted indifferently. [*Id*. (citing Doc. 16 ¶ 32)]. Finally, Plaintiffs argue that, in viewing Defendants' willful breach as a policy, a causal connection between the policy and the deprivation has been asserted repeatedly in Plaintiffs' amended complaint. [*Id*. at 8 (citing Doc. 16)].

### 2.    Discussion

Plaintiffs - and Defendants by virtue of removal to this Court - have turned what is unquestionably a contract dispute into a federal civil rights issue. Plaintiffs allege

that the City is liable under 42 U.S.C. § 1983 for violating Plaintiffs' rights to equal protection (Count Three), and violating Plaintiffs' rights to substantive and procedural due process (Count Four). [Doc. 16 at ¶¶ 50-62].[2] In order for a municipality to be found liable under Section 1983, a plaintiff must show that: (1) the plaintiff's constitutional rights were violated; (2) the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) the policy or custom caused the violation. *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). Here, both parties have assumed, without citing to any statute or case law to support the claim, that Plaintiffs have a constitutional right to sick leave or to have it calculated accurately. Other courts have held that there is no fundamental right to sick leave, benefits or compensation, and that contractual disputes involving state and local governments do not give rise to the level of a constitutional claim that can be pursued in federal court. *See e.g. Ezekwo v. N.Y.C. City Health & Hosps. Corp.*, 940 F.2d 775, 782-83 (2d Cir. 1991) (recognizing

---

[2]     The amended complaint improperly speaks both of alleged improper actions of the City while seeking damages from "Defendants." [*See, e.g.,* Doc. 16, ¶¶ 52 ("There is no rational basis for *the City's* decision to treat Plaintiffs differently than similarly situated employees who worked eight hour shifts."); 54 ("Plaintiffs suffered damages as a result of *Defendants'* actions, in the form of lost salary and benefits.")].

AO 72A
(Rev.8/8
2)

that "not every [governmental] breach of a contractual right rises to the level of a deprivation of property") (citing *Brown v. Brienen*, 722 F.2d 360, 364 (7th Cir. 1983)); *Ramsey v. Bd. of Educ. of Whitley Cnty, Ky.*, 844 F.2d 1268, 1274-75 (6th Cir. 1988) (noting that while plaintiff may have a constitutionally protected property interest in her sick leave, "an interference with property interest in a pure benefit of employment, as opposed to an interest in the tenured nature of the employment itself, is an interest that can be and should be redressed by a state breach of contract action and not by a federal action under section 1983"); *Patterson v. Portch*, 853 F.2d 1399, 1405 (7th Cir. 1988) ("The continued appropriateness of using federal courts to resolve run-of-the-mine contract disputes between public employees and their employers may deserve fresh consideration by the Supreme Court . . . ."). Thus, whether there has been a constitutional violation is questionable at best.

Assuming, without deciding, that Plaintiffs have a constitutional right to sick leave and an accurate calculation thereof, Plaintiffs have not set forth enough facts to make their claim plausible and thus survive a motion to dismiss. Defendants' primary argument is that Plaintiffs' amended complaint does not contain any allegations that the City maintained an official policy of deliberately handling employee leave time in a manner that violated the plaintiff-employees' rights. The Court agrees. Plaintiffs have

13

not set forth any facts alleging that Defendants were *deliberately* indifferent to the proper calculation of Plaintiffs' leave time. The § 1983 claims only allege that the leave times were not properly calculated; it does not allege that Defendants were aware of what could potentially be an error of calculation or that Defendants refused to act when they became aware of the problem. The Court recognizes that in Counts Two and Six of the Amended Complaint, Plaintiffs allege that they have "tried for over two and one-half years to rectify [Defendants'] improper calculation of their leave," that "Defendants have failed and refused to correct the Plaintiffs leave within those two and one-half years," and that "[t]he City's failure to fix the problem has been in bad faith . . . ." [Doc. 16 at ¶¶ 49, 69-70]. However, this allegation is not made in either Counts Three or Four, and was not alleged in the statement of facts. Even if this conclusory allegation could be incorporated by reference, the fact that "Defendants" failed to correct Plaintiffs' leave without more fails to allege deliberate indifference to a constitutional right, or that the challenged action itself violates federal law. *McDowell*, 392 F.3d at 1291. Said another way, simply asserting that the Defendants failed to calculate leave according to the City's leave policy is insufficient to satisfy the element that the City (or the individual defendants) must have acted with deliberate indifference to the custom or policy. The amended complaint fails to allege any facts

14

detailing what was told to whom or when and how the issue was brought to someone's

attention.[3]

---

[3]      Moreover, even if the Court somehow could extrapolate the allegations from Counts Two and Six into Counts Three and Four, the amended complaint violates Federal Rule of Civil Procedure 8(a)'s requirement that a pleader make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).   "Under this rule, when a complaint alleges that multiple defendants are liable for multiple claims, courts must determine whether the complaint gives adequate notice to each defendant." *Pro Image Installers, Inc. v. Dillon*, No. 3:08cv273, 2009 WL 112953, at *1 (N.D. Fla. Jan. 15, 2009) (citing *Atuahene v. City of Hartford*, 10 Fed. Appx. 33, 34 (2d Cir. May 31, 2001)); *Bentley v. Bank of Am.*, 773 F. Supp. 2d 1367, 1373 (S.D. Fla. 2011); *Lane v. Capital Acquisitions & Mgmt., Co.*, No. 04-60602 CIV, 2006 WL 4590705, at *5 (S.D. Fla. Apr.14, 2006) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, the [ ] Complaint fails to satisfy the minimum standard of Rule 8.").   Although a complaint against multiple defendants is usually read as making the same allegation against each defendant individually, *Crowe v. Coleman*, 113 F.3d 1536, 1539 (11th Cir. 1997), factual allegations must give each defendant "fair notice" of the nature of the claim and the "grounds" on which the claim rests. *Twombly*, 550 U.S. at 555 n.3.

At times, a plaintiff's "grouping" of defendants in a complaint may require a more definite statement, *see Beckwith v. Bellsouth Telecomms. Inc.*, 146 Fed. Appx. 368, 372 (11th Cir. Aug. 22, 2005); *Regengin v. Lonza Walkersville, LLC*, 997 F. Supp. 2d 1304, 1313 (N.D. Ga. 2014) (Batten, J.) (describing complaint as a shotgun pleading where allegations against defendants were grouped such that it failed to ascribe each of the complaint's allegations to a specific defendant, but allowing repleading); *Veltmann v. Walpole Pharmacy, Inc.*, 928 F. Supp. 1161, 1164 (M.D. Fla. 1996).   However, since the Court concludes that Plaintiffs have failed to state a federal claim which supports this Court's subject matter jurisdiction, a more definite statement is moot.

Plaintiffs need not show deliberate indifference if they can point to a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the City or its officers that creates the unconstitutional action, *Monell*, 436 U.S. at 69, the enforcement of which was "the moving force" of the violation of federally protected rights. *Brown*, 520 U.S. at 404. While Plaintiffs have alleged that the decision to change their work hours from eight to twelve created the unconstitutional action, there is no allegation that this was "the moving force" for the City's failure to accurately calculate leave.

The decision to make Plaintiffs twelve-hour employees as opposed to eight-hour employees is also facially constitutional. When a municipal policy is facially constitutional, a plaintiff must show that the city "was deliberately indifferent to the known or obvious consequences of its policies." *Amer. Fed. of Labor v. City of Miami*, 637 F.3d 1178, 1187-88 (11th Cir. 2011). As explained above, Plaintiffs have not alleged that Defendants were deliberately indifferent to the known or obvious consequences of their policies, as the amended complaint does not allege that any Defendant alone or Defendants collectively knew or should have known that the change would lead to improper calculation of leave. The amended complaint also does not allege, and the Court does not conclude, as Plaintiffs argue, that the likelihood of

16

violation from the change was so high that the need for correction was obvious.  As a result, Plaintiffs have not shown that the failure to accurately calculate Plaintiffs' leave time was deliberate or knowing, nor have Plaintiffs alleged any facts that suggests that Defendants acted knowingly and/or deliberately to deprive Plaintiff's of leave.  The only facts Plaintiffs have presented was that there was a change in their work schedule which happened to result in a less favorable change in their leave calculation.  The change alone is not enough to demonstrate deliberate indifference.  Thus, Plaintiffs have not stated a claim for which relief can be granted under 42 U.S.C. § 1983.

Similarly, Plaintiffs have not alleged any facts that state a claim for violation of equal protection.  As Plaintiffs recognize, "[t]o set forth a claim for constitutional violation of equal protection clause, for unequal application of a fair law, a plaintiff may simply show that the unequal application was intentional or purposeful." [Doc. 20 at 6 (citing *Snowden*, 321 U.S. 1)].  *Snowden* also recognized that "an erroneous performance of a duty, although a violation of statute, is not, without more, a denial of equal protection of the law," the element of intentional or purposeful discrimination is not presumed, and the "[m]ere violation of a state statute does not infringe the federal Constitution."  *Snowden*, 321 U.S. at 8, 11.  Nowhere in the amended complaint do Plaintiffs allege that Defendants, either singularly or

17

AO 72A
(Rev.8/8
2)

collectively, *intentionally* or *purposefully* applied the leave calculation unequally. While Plaintiffs cite to ¶¶ 26 and 28 of the amended complaint in support of the argument that the allegation was made that the unequal application was intentional and purposeful, these paragraphs merely allege that "[a]t or around December of 2008, the Defendants changed Department of Correction Officers to twelve (12) hour work days," [Doc. 16 ¶ 28], and "Defendants inconsistently calculated the Plaintiffs' leave," [*Id.* ¶ 26]. As *Snowden* directs, this Court may not presume that Defendants acted intentionally or purposefully.

Therefore, the City's motion to dismiss Plaintiffs' claims for violation of equal protection (Count Three) and procedural and substantive due process (Count Four) is **GRANTED**, and these claims are **DISMISSED WITH PREJUDICE**. *See Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc) (holding the district court "is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court.").

### C.   Claims Against Individual Defendants Reed, Yancy and Labat

Although the Court has dismissed the § 1983 claims against the City on grounds that Plaintiffs have failed to state a § 1983 claim, out of an abundance of caution, the

18

Court also discusses Defendants' motion to dismiss specifically directed at the allegations against the individual defendants.

### 1.      Arguments of the parties

Defendants argue that Plaintiffs have not articulated any particular facts against the individual defendants. [Doc. 17 at 11, 14]. They also argue that the individual defendants, being sued in their individual capacities, are entitled to qualified immunity as any actions by Reed, Yancy, or Labat would be within the scope of their discretionary authority. [*Id*. at 14]. Further, they contend that Plaintiffs have not shown that they had a clearly established right to have their leave calculated in the manner they contend is correct, nor can they show that the individual defendants knew or should have known that they were violating some "clearly established" right. [*Id*. at 12, 14]. Defendants also argue that the claims against the individual defendants in their official capacities should be dismissed as being duplicative of claims against the City. [*Id*. at 15 (citing *Godby v. Montgomery Cnty Bd. of Educ.*, 996 F. Supp. 1390, 1403 (M.D. Ala. 1998))].

In response, Plaintiffs argue that the individual defendants are not entitled to qualified immunity. [Doc. 20 at 8-10]. While Plaintiffs recognize that qualified immunity protects government officials performing discretionary functions, it offers no

19

protection from suit for the plainly incompetent or one who is knowingly violating and deliberately indifferent to the federal law. [*Id*. at 8-9]. Plaintiffs argue that the right to the benefit of an accurate calculation and charge of leave was so sufficiently clear that a reasonable official would have known that a deviation from the legally defined calculation would amount to a constitutional violation. [*Id*. at 10].

## 2.   Discussion

Defendants Reed, Yancy and Labat are named in the amended complaint individually and in their official capacities. [*See* Doc. 16]. In the "Parties" section of the amended complaint, Plaintiffs allege:

a) Defendant, Mayor Kasim Reed, is and was at all relevant times the Mayor of the City of Atlanta. Mr. Reed is sued in his official and individual capacity. According to the Atlanta Municipal Code, the work schedule for each department shall be established by the department head in conjunction with the commissioner of human resources and approval of the mayor. Atlanta, Georgia, Municipal Code § 114-411. Defendant Mayor Kasim Reed may be served at 55 Trinity Ave., Atlanta, Georgia 30303.

b) Defendant Yvonne Yancy, is and was at all relevant times was the City of Atlanta Commissioner of human resources. Ms. Yancy is sued in her official and individual capacity. According to the Atlanta Municipal Code, the work schedule for each department shall be established by the department head in conjunction with the commissioner of human resources and approval of the mayor. Atlanta, Georgia, Municipal Code § 114-411. Defendant Yvonne Yancy may be served at 68 Mitchell St., S.W., Suite 2150, City Hall Towers, Atlanta, Georgia 30303.

20

> c) Defendant Patrick L. Labat, at all relevant times was and is the Chief of the City of Atlanta Department of Corrections.  Mr. Labat is sued in his official and individual capacity.  According to the Atlanta Municipal Code, the work schedule for each department shall be established by the department head in conjunction with the commissioner of human resources and approval of the mayor.  Atlanta, Georgia, Municipal Code § 114-411.  Defendant Patrick L. Labat may be served at 254 Peachtree Street SW Atlanta, GA 30303.

[Doc. 16 at ¶ 6].  These Defendants are not mentioned individually anywhere else in the amended complaint.  [*See generally* Doc. 16]. The amended complaint merely uses the all-encompassing term "Defendants" for each allegation made in the amended complaint.  Thus, the amended complaint fails to state what actions the individual defendants took to satisfy any of the claims alleged.  This type of shotgun pleading is not permissible.  *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp*, 305 F.3d 1293, 1295-96 (11th Cir. 2002); *Wagner v. First Horizon Pharmaceutical Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006); *Beckwith*, 146 Fed. Appx. at 372.

Plaintiffs allege that referencing all Defendants in the allegations is proper because Plaintiffs are alleging that Defendants acted in concert.  [Doc. 20 at 4].  However, this assertion is not made in the amended complaint.  [*See* Doc. 16].  A plaintiff may not raise new claims in response to a motion to dismiss without seeking leave to file an amended complaint.  *See Huls v. Llabona*, 437 Fed. Appx. 830, 832 n.5

21

(11th Cir. Aug. 15, 2011) (per curium) ("Because Huls raised this argument for the first time in his response to Llabona's motion to dismiss, instead of seeking leave to file an amended complaint, pursuant to Fed. R. Civ. P. 15(a), it was not properly raised below."); *see also Morgan Distrib. Co., Inc. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) (" '[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.  To hold otherwise would mean that a party could unilaterally amend a complaint at will, even without filing an amendment, and simply by raising a point in a brief.' ") (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)); *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996) (holding that a complaint cannot be amended by a brief in opposition); *Katz v. Odin, Feldman & Pittleman, P.C.*, 332 F. Supp. 2d 909, 917 n.9 (E.D. Va. 2004) (quoting *Morgan*, 868 F.2d at 995); *Davis v. Cole*, 999 F. Supp. 809, 813 (E.D. Va. 1998) (refusing to consider additional allegations in response to motion to dismiss).  *Cf. Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) (noting that a "plaintiff may not amend her complaint through argument in a brief opposing summary judgment."); *Jallali v. Nova Se. Univ., Inc.*, 486 Fed. Appx. 765, 767 (11th Cir. Aug. 9, 2012) (holding that "a party cannot amend a complaint by attaching documents to a response to a motion to dismiss").  Nor does

22

a plaintiff's *post hoc* allegation suffice to defeat a motion to dismiss.  *See Central Transp., LLC v. Atlas Towing, Inc*, 884 F. Supp. 2d 207, 218 (E.D. Pa. 2012) ("We cannot consider these *post hoc* allegations in ruling on defendants' motion to dismiss" where allegations missing from complaint.); *see also Am. Petroleum Inst. v. Technomedia Intern.., Inc.*, 699 F. Supp. 2d 258, 265 (D.D.C. 2010) (rejecting "*post hoc* attempt to remedy a deficiency in the pleading" and noting that "[n]otwithstanding the wide latitude given to litigants at the pleading stage, a pleading is not to be used as a constantly moving target that the pleader can reformulate every time the pleading is challenged.  Sooner or later, it 'must stand or fall on its own.' ") (internal citations omitted; punctuation altered).

Even if the amended complaint can be construed to have alleged each allegation against each defendant, Plaintiffs do not allege any facts that would defeat the individual defendants' qualified immunity for purposes of being sued in their individual capacities. To defeat a municipal official's qualified immunity, it is not enough that Defendants violated Plaintiffs' constitutional rights; Plaintiffs must also allege that Defendants violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (internal quotations omitted) (citations omitted).  "For a constitutional right to be clearly

23

established, its contours 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. . . . [that is] in the light of pre-existing law, the unlawfulness must be apparent.' " *Id.* (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

First, Plaintiffs have not set forth any facts which allege that the *individual* defendants violated Plaintiffs' asserted constitutional rights or even the City's ordinance.  Assuming that the Plaintiffs' description of the individual defendants in the "Parties" section of their amended complaint alleges actions that the individual defendants are authorized to undertake, the amended complaint does nothing more than allege that the individual defendants have the right to set and change employee work hours.  The amended complaint does not allege that any of the individual defendants had any role in making sure leave time was accurately applied to all city employees according to the Code, or even that any of the individual defendants had any control in the application of leave calculations apart from setting the work hours.

Even if Plaintiffs' all-encompassing reference to "Defendants" when making allegations that Defendants failed to accurately calculate Plaintiffs' leave was sufficient to state a claim against the individual defendants, qualified immunity still operates here as Plaintiffs have not, and likely cannot, establish that Plaintiffs have a *clearly*

24

*established* constitutional right to sick and/or annual leave or proper calculation thereof. *See supra* at 12-13.

Because Plaintiffs have failed to allege any facts against the individual defendants, either in their individual or official capacities, the § 1983 claims against Defendants Reed, Yancy, and Labat are **DISMISSED**. Even if Plaintiffs had stated a claim, the individual defendants have qualified immunity and thus would be dismissed in their individual capacities, and accordingly, they would be dismissed in their official capacities as duplicative claims against Defendant City of Atlanta. *See Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (finding that "to keep both the City and the officers sued in their official capacity as defendants . . . would [be] redundant and possibly confusing to the jury.").

As a result, the federal claims against the individual defendants are **DISMISSED WITH PREJUDICE**.

### D.   The Court does not exercise pendent or supplemental jurisdiction over the remaining claims

Counts Three and Four are the only counts which supported subject matter jurisdiction in this Court. " 'Subject matter jurisdiction . . . refers to a tribunal's power to hear a case.' " *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 891 (11th Cir. 2013)

25

(quoting *Morrison v. Nat'l Australia Bank, Ltd.*, 561 U.S. 247, 254 (2010)).  "As the

Federal Rules of Civil Procedure state, 'If the court determines at any time that it lacks

subject-matter jurisdiction, the court must dismiss the action.' " *Williams v. Warden,*

*Fed. Bureau of Prisons*, 713 F.3d 1332, 1337-38 (11ᵗʰ Cir. 2013) (quoting

Fed. R. Civ. P. 12(h)(3)); *accord  Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012)

("When a requirement goes to subject-matter jurisdiction, courts are obligated to

consider *sua sponte* issues that the parties have disclaimed or have not presented."); *id.*

("Subject-matter jurisdiction can never be waived or forfeited."); *see also Cadet v.*

*Bulger*, 377 F.3d 1173, 1179 (11ᵗʰ Cir. 2004) ("Federal courts are obligated to inquire

into subject-matter jurisdiction sua sponte whenever it may be lacking.") (quotation

marks omitted).  Where a case originally was filed in state court, and then removed to

the district court, the court may remand the case to the state court.  *See, e.g., Fallin v.*

*Mindis Metals, Inc.*, 865 F. Supp. 834, 842 (N.D. Ga. 1994) (Hull, J.) ("The Court

(1) finds that there is not any original federal jurisdiction over the state claims

remaining in this action, (2) declines, in the Court's discretion under

28 U.S.C. § 1367(c), to exercise supplemental discretion, and thus (3) finds that, under

28 U.S.C. § 1447(c), the Court does not have subject matter jurisdiction over this

action, and this case should be remanded to state court."); *see also Guzzino v.*

26

*Felterman*, 191 F.3d 588, 594-96 (5th Cir. 1999) (affirming district court's decision to remand case to state court rather than retain supplemental jurisdiction over remaining state-law claims).

The Court initially was able to exercise supplemental jurisdiction of Plaintiffs' state law claims under 28 U.S.C. § 1367(a) because it had subject matter jurisdiction over the due process and equal protection claims under § 1983.  As all federal question matters have been resolved and the parties are not of diverse citizenship, this Court no longer has original jurisdiction over this matter.  *See* 28 U.S.C. §§ 1331, 1332. A district court has discretion to decline to exercise supplemental jurisdiction over remaining state law claims.  28 U.S.C. § 1367(c); *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002); *Hardy v. Birmingham Bd. of Educ.*, 954 F.2d 1546, 1550 (11th Cir. 1992).  Section 1367(c) provides that:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  Under this code section, the Court is empowered to act *sua sponte*.  *Rittenhouse v. DeKalb Cnty.*, 575 F. Supp. 1173, 1175 (N.D. Ga. 1975)

AO 72A
(Rev.8/8
2)

(Freeman, J.); *see also Santiago v. Hernandez*, 53 F. Supp. 2d 264, 273-74 (E.D.N.Y. 1999) (collecting cases in which the court invoked § 1367(c) *sua sponte*). If, after examining the factors listed in § 1367(c), the district court "decides that it has the discretion . . . to decline jurisdiction . . . it should consider the traditional rationales for pendent jurisdiction, including judicial economy and convenience, in deciding whether or not to exercise that jurisdiction." *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1569 (11th Cir. 1994). The Court also should consider fairness and comity. *Id.*

Consideration of these factors weighs heavily in favor of declining jurisdiction. First, this Court has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3). Second, the issues remaining are contract disputes between a local government (including elected and appointed officials) and its employees, interpretation of which is best left to the state courts. *Eli Lilly and Co. v. Air Exp. Intern. USA, Inc.*, 615 F.3d 1305, 1314 (11th Cir. 2010); *In re Chira*, 567 F.3d 1307, 1311 (11th Cir. 2009) ("The interpretation of private contracts is ordinarily a question of state law.") (quotations and citations omitted); *Ramsey*, 844 F.2d at 1272-75.

Moreover, issues of comity and fairness suggest that the state courts decide issues of compensation between local governments and their employees. Finally, while

this action has been pending in this Court pending a ruling on the motion to dismiss, the parties appear to have engaged in only limited discovery. [*See* Docs. 18, 19, 21]. Thus, the proceedings have not advanced very far in this Court.

Accordingly, Plaintiffs' state law claims (Counts One, Two (to the extent it is based on O.C.G.A. § 13-6-11), and Five through Seven) are **REMANDED TO THE SUPERIOR COURT OF FULTON COUNTY** pursuant to § 1367(c) and 28 U.S.C. § 1447(c). As a result, the Court declines to rule on the remaining grounds in Defendants' motion to dismiss, since those issues are best decided by the Superior Court upon remand.

**IV.   *Conclusion***

For the aforementioned reasons, Defendants' motion to dismiss, [Doc. 17], Plaintiffs' amended complaint, [Doc. 16], is **GRANTED**. Specifically, Plaintiffs' claims under 42 U.S.C. § 1983 for violation of their rights to equal protection (Count Three) and procedural and substantive due process (Count Four), are **DISMISSED WITH PREJUDICE**; as a result, all federal claims asserted against the City of Atlanta and the individual defendants are **DISMISSED WITH PREJUDICE**. The Court **DECLINES** to exercise supplemental or pendent jurisdiction under 28 U.S.C. § 1367(c) and thus Plaintiffs' state law claims (Counts One, Two, Five, Six

AO 72A
(Rev.8/8
2)

and Seven), those claims are **REMANDED TO THE SUPERIOR COURT OF FULTON COUNTY**.

The Clerk shall enter judgment in favor of Defendants.

**IT IS SO ORDERED and DIRECTED**, this the 31st day of March, 2015.

_____

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

30